1  Jon M. Leader (SBN 147059)
2  jleader@llaw.la
   Leader Counsel
3  1990 South Bundy Drive, Suite 390
4  Los Angeles, CA  90025
   Tel.:  (310) 696-3300/ Fax:  (310) 696-3305
5
6  Attorneys for Plaintiff Cacique, Inc.

FILED
2013 FEB 12  PM 12: 16
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY _____

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACIQUE, INC., a California corporation,<br><br>              Plaintiff,<br><br>       vs.<br><br>REYNALDO'S MEXICAN FOOD COMPANY, LLC, a Delaware limited liability company; and DOES 1 - 10, inclusive,<br><br>              Defendants. | Case No. **CV13-01018 - ODW (MLGx)**<br><br>**COMPLAINT FOR: (1) TRADEMARK INFRINGEMENT, AND (2) TRADE DRESS INFRINGEMENT AND FALSE DESIGNATION OF ORIGIN**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Cacique, Inc. alleges:

### JURISDICTION AND VENUE

1.   This action arises under federal statutes, Section 32 of the Lanham Act, 15 U.S.C. § 1114(1), and Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a). This Court therefore has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1121(a), and 28 U.S.C. §§ 1331 and 1338.

2.   Venue is proper in this judicial district, pursuant to 28 U.S.C. § 1391(b)(1) and (2), because a defendant resides in this judicial district and a substantial part of the events or omissions giving rise to the claim occurred in this

1 | judicial district.

## PARTIES

3. Plaintiff Cacique, Inc. ("Cacique" or "Plaintiff") is a corporation organized and existing under the laws of the State of California, with its principal place of business in the City of Industry, County of Los Angeles, California.

4. Plaintiff is informed and believes, and based thereon alleges, that Defendant Reynaldo's Mexican Food Company, LLC ("Reynaldo's") is a limited liability company organized and existing under the laws of the State of Delaware, with its principal place of business in the City of Vernon, County of Los Angeles, California.

5. Plaintiff does not know the true names and identities of those defendants sued herein by the fictitious names of Does 1 through 10, and therefore sues those defendants by those fictitious names ("Doe Defendants"). Plaintiff will amend this Complaint to show the true names and capacities of the Doe Defendants when they have been discovered. (Defendant Reynaldo's and the Doe Defendants will be referred to herein collectively as "Defendants.") Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants is responsible in some manner for the injuries, acts, and damages to Plaintiff alleged herein.

6. Plaintiff is informed and believes, and based thereon alleges, that, at all relevant times, each of the Defendants was the agent, principal, employee, representative, or alter ego of one or more of the other Defendants, and acted with the other Defendants' knowledge, consent, and approval, and within the course and scope of their agency or representative capacity. Plaintiff is informed and believes, and based thereon alleges, that the conduct of each Defendant alleged herein was ratified by each other Defendant, and that the benefits thereof were accepted by each of the other Defendants. Plaintiff is informed and believes, and based thereon alleges, that each Defendant is therefore responsible for the acts and omissions of

the other Defendants alleged herein.

7. Plaintiff is informed and believes, and based thereon alleges, that each Defendant induced the other Defendants to infringe upon Cacique's rights, participated in, or enabled the other Defendants to engage in, the unlawful conduct alleged herein, or supervised that conduct, with knowledge that the conduct of other Defendants would infringe upon Cacique's rights and constitute trademark infringement, trade dress infringement, and false designation of origin. Therefore, each Defendant is jointly and severally liable as a contributory or vicarious infringer of Cacique's rights.

## CACIQUE'S TRADEMARK AND TRADE DRESS

8. Cacique is in the business of manufacturing, marketing, and selling Hispanic and Mexican-style cheese and other products. Among those products, Cacique manufactures, markets, and sells a type of cheese known as "queso fresco" (Spanish for "fresh cheese") under its (1) "RANCHERO" brand "Queso Fresco" label, and (2) "Queso Fresco" label.

9. A copy of Cacique's label used on packaging for its "RANCHERO" brand "Queso Fresco" cheese products is attached as Exhibit 1. Cacique's trade dress at issue in this action consists of the following elements which Cacique has been using in interstate commerce on the label of its "RANCHERO" brand "Queso Fresco" cheese products since at least 2000: (1) the "irregular-shaped basket" or "loaf-shaped" design framed in a stylized rope ("rope-loaf" design), (2) the human figure at the top of the label within the "rope-loaf" design, (3) the brand name in green lettering below the human figure, and (4) the generic cheese term in a red center banner with folded ends, with chevron shape at terminus (these elements will be collectively referred to herein as the "Trade Dress"). It is the combination of these elements, not any one of them, that constitutes the Trade Dress at issue in this action. The overall visual impression that the combination and arrangement of these

elements create is aesthetic, and is not functional. In addition, Cacique is the owner of a trademark which is registered with the United States Patent and Trademark Office (Registration No. 3,745,734, registered on December 20, 2007, for dairy products excluding ice cream, ice milk, and frozen yogurt ("Trademark")) which also provides trademark protection for that label.

10. A copy of Cacique's label used on packaging for its "Queso Fresco" cheese products is attached hereto as Exhibit 2. That label uses the same elements of the Trade Dress, except for the third element described above (the brand name in green lettering below the human figure). Cacique has been using that label in interstate commerce on packaging for its "Queso Fresco" cheese products since at least 2011. Since at least 2000, Cacique has been using a "Queso Fresco" label that contains the following elements of the Trade Dress: element (1), but without a rope design; element (2); and element (4), but with brand name in white, inside a green central banner.

11. At all relevant times, Cacique's Trade Dress and Trademark have been inherently distinctive when used in association with Cacique's cheese products. Through the continuous and exclusive use of its Trade Dress and Trademark, sales of its cheese products, careful planning and protection of its image and reputation, and advertising and promotion, Cacique's Trade Dress and Trademark also have come to be recognized by relevant consumers as exclusively identifying and designating products originating from a single source, Cacique, which has been a leader in producing Hispanic and Mexican-style cheese products. In addition, Cacique's use of its Trade Dress and Trademark over time, and its marketing, advertising, and sales activities, have caused its Trade Dress and Trademark, prior to Defendants' infringing acts, to acquire secondary meaning that serves to distinguish them in the minds of relevant consumers, as an indicator of the origin or source of products bearing, or associated with, the Trade Dress and the Trademark.

## DEFENDANTS' INFRINGEMENT OF CACIQUE'S TRADEMARK AND TRADE DRESS

12. Reynaldo's is also in the business of manufacturing, marketing, and selling Hispanic and Mexican-style cheese and other products. Reynaldo's is a direct competitor of Cacique in the Hispanic and Mexican-style cheese business.

13. Plaintiff is informed and believes, and based thereon alleges, that, sometime after April 2011, Reynaldo's began using, and is continuing to use, a label on the packaging of its cheese products sold and transported in interstate commerce that infringes Cacique's Trade Dress and Trademark by using the following elements that are strikingly similar to Cacique's Trade Dress: (1) the "irregular-shaped basket" or "loaf-shaped" design framed in a stylized rope ("rope-loaf" design), (2) the human figure at the top of the label within the "rope-loaf" design, (3) the brand name in green lettering below the human figure, and (4) the generic cheese term in a red center banner with folded ends, with chevron shape at terminus. A copy of that infringing label used by Reynaldo's is attached as Exhibit 3.

14. Plaintiff is informed and believes, and based thereon alleges, that Reynaldo's has designed and used its infringing label with the intent and purpose of unfairly trading on Cacique's established goodwill in its Trade Dress and Trademark by causing confusion, mistake, and deception among consumers as to the affiliation, connection, or association of Reynaldo's with Cacique, and as to the source, origin, sponsorship, or approval of Reynaldo's products by Cacique.

15. Cacique has never authorized Reynaldo's or any of the other Defendants to use Cacique's Trade Dress or Trademark, or any confusingly similar Trade Dress or Trademark, in connection with the marketing or sale of Reynaldo's products.

16. Plaintiff is informed and believes, and based thereon alleges, that Defendants encouraged, assisted, and participated in one or more of the infringing acts alleged herein, while knowing that such acts would be likely to cause

confusion, mistake, and deception among relevant consumers.

## FIRST CLAIM FOR RELIEF

### (Trademark Infringement in violation of 15 U.S.C. § 1114)

### (against all Defendants)

17. Plaintiff realleges and incorporates herein by reference each of the allegations set forth in Paragraphs 1 through 16 above.

18. Cacique is the owner and registrant of the Trademark.

19. Defendants have used, and are continuing to use, in interstate commerce, a reproduction, counterfeit, copy, or colorable imitation of the Trademark in connection with the sale, offering for sale, distribution, or advertising of Reynaldo's cheese products without Cacique's consent.

20. Defendants' use of the Trademark is likely to cause confusion, mistake, or deception among relevant consumers.

21. Defendants' conduct constitutes infringement of Cacique's registered Trademark in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114(1).

22. As a result of Defendants' wrongful conduct alleged above, Defendants have made profits and Plaintiff has sustained damages. Due to the circumstances of this case and Defendants' wrongful conduct alleged above, the Court should enter judgment in Plaintiff's favor for a sum above the amount found as actual damages, not exceeding three times such amount, pursuant to 15 U.S.C. § 1117(a).

23. Plaintiff will suffer irreparable harm if injunctive relief is not issued to prevent Defendants' continuing wrongful conduct alleged above in violation of 15 U.S.C. § 1114(1) as money damages would not afford adequate relief or would be extremely difficult to quantify. Plaintiff is therefore entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from continuing to engage in the wrongful conduct alleged above.

24. Because of the circumstances of this case and Defendants' wrongful conduct alleged above, this is an exceptional case and the Court should therefore award reasonable attorneys' fees to the Plaintiff pursuant to 15 U.S.C. § 1117.

## SECOND CLAIM FOR RELIEF

### (Trade Dress Infringement and False Designation of Origin in violation of 15 U.S.C. § 1125(a))

### (against all Defendants)

25. Plaintiff realleges and incorporates herein by reference each of the allegations set forth in Paragraphs 1 through 24 above.

26. Defendants have been marketing and selling Reynaldo's cheese products in interstate commerce using labels which infringe upon or use Cacique's Trade Dress.

27. Defendants' use of such labels in the marketing and sale of its cheese products is likely to cause confusion, mistake, and deception among relevant consumers as to the affiliation, connection, or association of Reynaldo's with Cacique, and as to the source, origin, sponsorship, or approval of Reynaldo's products by Cacique.

28. Defendants' conduct constitutes infringement of Cacique's Trade Dress and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

29. As a result of Defendants' wrongful conduct alleged above, Defendants have made profits and Plaintiff has sustained damages. Due to the circumstances of this case and Defendants' wrongful conduct alleged above, the Court should enter judgment in Plaintiff's favor for a sum above the amount found as actual damages, not exceeding three times such amount, pursuant to 15 U.S.C. § 1117(a).

30. Plaintiff will suffer irreparable harm if injunctive relief is not issued to prevent Defendants' continuing wrongful conduct alleged above in violation of 15 U.S.C. § 1125(a) as money damages would not afford adequate relief or would be extremely difficult to quantify. Plaintiff is therefore entitled to a temporary restraining order, a preliminary injunction, and a permanent injunction enjoining Defendants from continuing to engage in the wrongful conduct alleged above.

31. Because of the circumstances of this case and Defendants' wrongful conduct alleged above, this is an exceptional case and the Court should therefore award reasonable attorneys' fees to the Plaintiff pursuant to 15 U.S.C. § 1117.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. For Defendants' profits made as a result of their conduct in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a);

2. For damages sustained by Plaintiff as a result of Defendants' conduct in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a);

3. For an award of three times the amount of actual damages, pursuant to 15 U.S.C. § 1117(a);

4. For a temporary restraining order, a preliminary injunction, and/or a permanent injunction enjoining Defendants from continuing to engage in the acts of trademark infringement, trade dress infringement, and false designation of origin alleged above in violation of 15 U.S.C. § 1114(1) and 15 U.S.C. § 1125(a);

5. For an order that all labels, signs, prints, packages, wrappers receptacles, advertisements, promotional materials, and other materials constituting an infringement of Plaintiff's trademark or trade dress, or a false designation of origin be delivered up and destroyed pursuant to 15 U.S.C. § 1118;

6. For an award of reasonable attorneys' fees pursuant to 15 U.S.C. § 1117.

7. For pre-judgment interest on all monetary awards according to law;

8. For costs of suit incurred in this action; and

9. For such other and further relief as the Court deems just and proper.

DATED: February 12, 2013      LEADER COUNSEL

/s/ Jon M. Leader
Jon M. Leader (SBN 147059)
jleader@llaw.la
1990 S. Bundy Dr., Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Facsimile: (310) 696-3305

Attorneys for Plaintiff Cacique, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Cacique, Inc. hereby demands trial by jury on all issues that are triable by jury.

DATED: February 12, 2013          LEADER COUNSEL


/s/ Jon M. Leader
Jon M. Leader (SBN 147059)
jleader@llaw.la
1990 S. Bundy Dr., Suite 390
Los Angeles, CA 90025
Telephone: (310) 696-3300
Facsimile: (310) 696-3305

Attorneys for Plaintiff Cacique, Inc.

COMPLAINT

EXHIBIT 1



# EXHIBIT 2



# EXHIBIT 3



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Otis D. Wright II and the assigned discovery Magistrate Judge is Marc Goldman.

The case number on all documents filed with the Court should read as follows:

**CV13- 1018 ODW (MLGx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[✓] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[ ] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

---

CV-18 (03/06)        NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

Name & Address:
Jon M. Leader (SBN 147059)
Leader Counsel
1990 S. Bundy Drive, Suite 390
Los Angeles, CA 90025

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| Cacique, Inc., a California corporation,<br><br>PLAINTIFF(S)<br>v.<br><br>Reynaldo's Mexican Food Company, LLC, a Delaware limited liability company; and Does 1 - 10, inclusive,<br><br>DEFENDANT(S). | CASE NUMBER<br><br>CV13-01018-ODW (MCGx)<br><br>SUMMONS |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __21__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ _____ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff's attorney, _Jon M. Leader_____, whose address is _Leader Counsel, 1990 S. Bundy Drive, Suite 390, Los Angeles, CA 90025_____.  If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint.  You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:  FEB 1 2 2013            By: ____MARILYN_____
                                    Deputy Clerk  1221

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

| I (a) PLAINTIFFS (Check box if you are representing yourself ☐) | DEFENDANTS |
|---|---|
| Cacique, Inc., a California corporation | Reynaldo's Mexican Food Company, LLC, a Delaware limited liability company |

| (b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.) | Attorneys (If Known) |
|---|---|
| Jon M. Leader; Leader Counsel<br>1990 S. Bundy Drive, Suite 390; Los Angeles, CA 90025<br>(310) 696-3300 | |

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff  ☑ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant  ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☑ 4 | ☑ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding  ☐ 2 Removed from State Court  ☐ 3 Remanded from Appellate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify):  ☐ 6 Multi-District Litigation  ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT:   JURY DEMAND:** ☑ Yes  ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☑ **MONEY DEMANDED IN COMPLAINT: $** in excess of $100,000.00

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
15 USC Section 1114(1) and 15 USC Section 1125(a)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | | | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 340 Marine | BANKRUPTCY | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 355 Motor Vehicle Product Liability | | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | CIVIL RIGHTS | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | | | ☐ 441 Voting | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☑ 840 Trademark |
| | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | | ☐ 443 Housing/Acco- mmodations | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | ☐ 365 Personal Injury- Product Liability | ☐ 444 Welfare | | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | | | ☐ 640 R.R. & Truck | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | | | ☐ 650 Airline Regs | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | IMMIGRATION | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | | ☐ 690 Other | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | ☐ 440 Other Civil Rights | | |
| | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 950 Constitutionality of State Statutes | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | |

FOR OFFICE USE ONLY:   Case Number:   CV13-01018

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)            CIVIL COVER SHEET            Page 1 of 2

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County -- Plaintiff Cacique, Inc. | |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County -- Defendant Reynaldo's Mexican Food Co., LLC | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

\* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____/s/_____  Date February 12, 2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |