**O**

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CACIQUE, INC., <br><br> Plaintiff, <br> v. <br><br> REYNALDO'S MEXICAN FOOD COMPANY, LLC, <br><br> Defendant. | Case No. 2:13-cv-1018-ODW (MLGx) <br><br> **ORDER DENYING PLAINTIFF CACIQUE'S APPLICATION TO FILE OPPOSITION UNDER SEAL [98] AND ORDER UNSEALING DEFENDANT REYNALDO'S MEXICAN'S STATEMENT OF UNCONTROVERTED FACTS [87]** |

Give someone an inch and they will take a mile. The applications to seal documents in this case have gotten out of hand. The *only* documents to be sealed in this action relate to the Cross-Motions for Summary on Defendant Reynaldo's Mexican Food Company's Counterclaim. (ECF Nos. 41, 75.) These Cross-Motions relate to a confidential settlement agreement that this Court ordered sealed in the early stages of this case.

The United States Supreme Court has recognized that it is "clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). Similarly, the Ninth Circuit has stated that there is a "strong presumption in favor of access to court records." *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003). In order to override this weighty presumption, a party must demonstrate "sufficiently compelling

reasons" for sealing documents. *Id.* Any under seal request "must articulate compelling reasons supported by specific factual findings." *Kamakana v. City & Cnty of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). A court will then balance the public interest in access with the confidentiality and potential for misuse of the information. *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995).

Before the Court is Plaintiff Cacique, Inc.'s Application to File Opposition to Reynaldo's Mexican's Motion for Summary Judgment on Trademark/Trade Dress Under Seal. (ECF No. 98.) The Court sees no reason why the *entire* opposition including supporting documents needs to be under seal. The Court recognizes that it recently allowed Reynaldo's Mexican to file its Corrected Statement of Uncontroverted Facts under seal. Upon further review, the Court finds that the *entire* document is not the proper subject of an under seal order. Only one or two paragraphs contain financial information, and the Court fails to see, without more information, why the entire document should be sealed.

For the reasons stated above, the Court hereby **ORDERS** the following:

(1) Cacique's Application to File Opposition to Reynaldo's Motion for Summary Judgment on Trademark/Trade Dress Under Seal is **DENIED**. (ECF No. 98.)

(2) The Court's Order sealing Reynaldo's Mexican's Corrected Statement of Uncontroverted Facts is **VACATED**. (ECF No. 88.)

(3) Reynaldo's Mexican's Corrected Statement of Uncontroverted Facts shall be **UNSEALED** by the clerk of the court. (ECF No. 87.)

**IT IS SO ORDERED.**

December 27, 2013

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**